UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ANTHONY CARMELO MUNAFO,   Case No. 07-47180
                          Chapter 7
                          Hon. Walter Shapero
            Debtor.
_____/

VIRGINIA TILE COMPANY,
a Michigan Corporation,

            Plaintiff,     Adv. Proc. Case No. 07-5818

v.

ANTHONY CARMELO MUNAFO,

            Defendant.
_____/

### OPINION GRANTING VIRGINIA TILE'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT

**I. Introduction**

This adversary proceeding was commenced by Virginia Tile Company ("Plaintiff") in the above-captioned chapter 7 bankruptcy case. The adversary complaint (1) alleges that a debt owed to Plaintiff by Debtor Anthony Munafo ("Defendant") is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), and (2) seeks to deny Defendant's discharge pursuant to § 727(a)(3). Plaintiff moved for partial summary judgment pursuant to Fed. R. Bankr. P. 7056 on the § 523(a)(4) claim. Following a hearing on the motion the court took the matter under advisement. For the foregoing reasons, the Court grants Plaintiff's motion for partial summary judgment.

-1-

## II. Facts

On November 16, 2005, Plaintiff filed suit in the Macomb County, Michigan Circuit Court against Steve Amodes, North American Granite & Tile d/b/a Anthony's Ceramic Tile, and Defendant, Debtor Anthony Munafo, alleging that the defendants, as contractors, purchased flooring materials and supplies on credit from Plaintiff, installed it in construction projects, received payment from their customers, failed to pay Plaintiff for the flooring, and that Defendant Munafo personally guaranteed payment of the debt. The complaint contained six counts: Count I - Breach of Contract; Count II - Account Stated; Count III - Violation of the Michigan Builders Trust Fund Act ("MBTFA"); Count IV - Fraud; Count V - Conversion; and Count VI - Unjust Enrichment, and sought damages in the amount of $14,423.94, with treble damages totaling $43,271.82 plus interest, costs and attorney fees. Defendant Munafo, with the assistance of counsel, filed an answer to the complaint, appeared for a deposition, defended against Plaintiff's motion for default judgment, and participated in the state court case up to and until the filing of Plaintiff's motion for summary disposition in that case. That motion alleged that Defendant Munafo violated the MBTFA and personally guaranteed payment of the debt, and argued that no genuine issue of material fact existed on the MBTFA and breach of contract claims. For undisclosed reasons, Defendant failed to file a written response to the motion for summary disposition but appeared through counsel and argued against the motion at a November 2006 state court hearing. That court granted Plaintiff's motion for summary disposition and a judgment was entered against the Defendants to that suit in the amount of $15,823.94.

On April 12, 2007, Defendant filed a chapter 7 bankruptcy case. Plaintiff filed this adversary proceeding seeking (1) nondischargeability of its claim pursuant to § 523(a)(4) based upon Defendant's violation of the MBTFA as determined by the state court judgment, and (2) denial of

-2-

Defendant's discharge under § 727(a)(3) for destruction of financial records. Plaintiff moves for partial summary judgment claiming that the doctrines of res judicata and/or collateral estoppel preclude relitigation of the MBTFA violation. The Defendant asserts that the state court never explicitly ruled on that issue.

### III. Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Bankruptcy Rule 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.,* 764 F.Supp. 1223, 1227 (E.D. Mich. 1991). In other words, summary judgment may be appropriately granted where the issues in a particular case involve solely the application of law to undisputed facts. *Choate v. Landis Tool Co.,* 486 F.Supp. 774, 775 (E.D. Mich. 1980).

### IV. Discussion

Res judicata does not apply to dischargeability proceedings in bankruptcy court and Plaintiff's motion is denied to the extent it relies upon that doctrine. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In so ruling, the Supreme Court, however, specifically left unanswered

whether a bankruptcy court in a dischargeability proceeding should give collateral estoppel effect to a prior state judgment. *Id.* at 139 n.10. The Supreme Court has since held that collateral estoppel applies to dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 285 n.11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). A preponderance of the evidence standard is applicable to such proceedings. *Id.* at 291.

The primary issue in this case is whether Defendant is estopped in the dischargeability action pursuant to § 523(a)(4) from relitigating violations of the MBTFA where a state court judgment on a multi-count complaint was entered against Defendant incident to a motion for summary disposition. Section 523(a)(4) states that a debt shall not be discharged if the debt is for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The MBTFA provides:

> In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

M.C.L. § 570.151. The MBTFA establishes a trust relationship that satisfies the defalcation requirement under § 523(a)(4). *See Bd. of Trustees of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 640 (6th Cir. 2007). Violation by a contractor or subcontractor of the statute's requirement to pay building funds first to laborers and materialmen constitutes a defalcation sufficient to create a nondischargeable debt under § 523(a)(4). *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 257 (6th Cir. 1982).

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to grant a state court

judgment the equal preclusive effect the judgment would have in a state court. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Section 1738 provides in pertinent part:

> The records and judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . from which they are taken.

28 U.S.C. § 1738. When issue preclusion is alleged, the federal court must apply the law of the state in which the prior judgment was rendered to determine whether and to what extent the prior judgment should be given preclusive effect in a federal action. *Bay Area Factors, Inc. v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997). We must look to Michigan issue preclusion principles to determine the effect of the state court judgment. *See Williams v. Noblit* (*In re Noblit*), 327 B.R. 307, 310 (Bankr. E.D. Mich. 2005); *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 703 (6th Cir. 1999).

Under Michigan law, issues resolved on summary disposition are given preclusive effect if each element of collateral estoppel is met. *City of Detroit v. Qualls*, 454 N.W.2d 374, 382 (Mich. 1990) (a matter resolved on summary disposition triggers the doctrine of collateral estoppel where the issue was actually litigated and necessarily determined). Similarly, default judgments are given preclusive effect in Michigan. *In re Noblit*, 327 B.R. at 310; *Detroit Auto. Inter-Ins. Exch. v. Higginbotham*, 290 N.W.2d 414, 418 (Mich. Ct. App. 1980). Before issue preclusion will bar a second lawsuit in Michigan three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality

of estoppel. *Monat v. State Farm Ins. Co.,* 677 N.W.2d 843, 845-46 (Mich. 2004). To procure mutuality of estoppel, the party attempting to estop an adversary from relitigating an issue must have been a party, or in privy to a party, in the prior action. *Id*. at 846. Estoppel is mutual only if the party attempting to employ the earlier adjudication would have been bound by it had it been decided against him. *Id*. at 846-47.

There is no question that the parties to both proceedings were identical and that an order granting summary disposition constitutes a final determination on the merits for purposes of collateral estoppel. *City of Detroit v. Qualls*, 454 N.W.2d at 382. Thus, the questions presented in this case are (1) whether the MBTFA issue was actually litigated, (2) by parties who had a full and fair opportunity to litigate, and (3) whether a finding that Defendant violated the MBTFA was necessary to the granting of the motion for summary disposition.

An issue is "actually litigated" when placed into issue by the pleadings and submitted to the trier of fact for determination. *Kowatch v. Kowatch*, 445 N.W.2d 808, 810 (Mich. Ct. App. 1989). Trial on the merits is not required for collateral estoppel to apply. *Detroit v. Qualls*, 454 N.W.2d at 382 n.27; *Cresap v. Waldorf* (*In re Waldorf*), 206 B.R. 858, 862 (Bankr. E.D. Mich. 1997). The Court concludes that Defendant's violation of the MBTFA was actually litigated to the extent said violation was included in Count III of Plaintiff's properly pleaded state court complaint, Plaintiff's motion for summary disposition sought relief under that theory, and the matter was thus before the court for resolution.

Before a matter is estopped, the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue. *People v. Gates*, 452 N.W.2d 627, 631 (Mich. 1990) (when determining whether an issue was "actually litigated," the Court must look beyond what has

been pled and argued and assess whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue). Factors enunciated in the Restatement (Second) of Judgments §§ 28-29 provide guidance in determining whether a party has had such an opportunity. *Monat v. State Farm Ins. Co.*, 677 N.W.2d at 847 n.2. The answer is ofttimes elusive:

> Determining whether a [party] has had a full and fair chance to litigate [an issue] in an earlier case is of necessity not a simple matter [because] . . . as so often is the case, no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas. In the end, [the] decision will necessarily rest on the trial courts' sense of justice and equity.

*Id.* at 847 (quoting *Blonder-Tongue Lab., Inc v. Univ of Ill. Found.,* 402 U.S. 313, 333-34, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)).

In the present case, Defendant had a full and fair opportunity to litigate the MBTFA issue to the extent that he retained a competent attorney, filed an answer to the complaint, participated in discovery, defended against Plaintiff's motion for default judgment, and argued against the motion for summary disposition. Defendant participated in the state court action for a full year before that case was dismissed on summary disposition, had every incentive to fully litigate the first action, chose not to appeal the final judgment, and is now faced with identical issues in this Court on the MBTFA allegation. Defendant's failure to file a written answer to the motion for summary disposition does not "undo his earlier active participation in the litigation." *Rally Hill Prod., Inc., v. Bursack* (*In re Bursack*), 65 F.3d 51, 54 (6th Cir. 1995). It is the opinion of this Court that the Defendant had a full and fair opportunity to litigate said matter in the prior proceeding.

An issue is necessarily determined only if it is essential to the judgment. *People v. Gates,* 452

N.W.2d at 631. Collateral estoppel applies only where the basis of the prior judgment can be clearly, definitely, and unequivocally ascertained. *Ditmore v. Michalik*, 625 N.W.2d 462, 467 (Mich. Ct. App. 2001). If the Court is left to speculate with regard to the grounds upon which the prior court based its decision, collateral estoppel does not apply. *Id.*

In *Specialty Distrib., Inc. v. King* (*In re King*), No. 05-2082 (Bankr. E.D. Mich. June 12, 2006), this Court addressed a similar issue when the Plaintiff in that case filed an adversary proceeding seeking nondischargeability under § 523(a)(4) and moved for summary judgment based upon a state court default judgment granted against the Defendants. The state court complaint alleged two counts (1) Open Account/Account Stated Debt, and (2) Builders Trust Fund Fraud and Conversion Against All Defendants, jointly and severally. In addition, Defendants had personally guaranteed payment of the debt. A default judgment entered in state court after Defendants failed to appear to defend against the motion. The state court judgment did not identify the specific grounds upon which it based its decision, but awarded treble damages to Plaintiff in the amount of $25,340 in accordance with a state law allowing such damages for acts of conversion of property. After reviewing the state court record, this Court granted Plaintiff's motion for summary judgment, concluding that (1) the MBTFA allegations in the Plaintiff's properly pleaded state court complaint included all of the required elements for a § 523(a)(4) cause of action, and, as a result (2) the § 523(a)(4) elements were actually litigated and necessarily determined. This Court observed:

> While the Court's conclusion may seem harsh to Defendant, it points up the necessity of potential debtors defending such cases in state court (particularly where a bankruptcy filing is in the wind), at risk of being exposed to the adverse consequences of the collateral estoppel doctrine in the subsequent bankruptcy non-dischargeability proceeding. The *Calvert* Court pointed out that, "state court fraud suits and bankruptcy discharge proceedings are frequently the same;"

-8-

> a debtor is, therefore, fair warned to carefully consider the state court allegations against him in making his litigation choices. *Calvert*, 105 F.3d at 321.

In the present case, the Court has reviewed the state court record in its entirety, and it would appear that the record before this Court is the entire relevant record, to determine the issues raised in support of the summary dismissal. *See Wheeler v. Laudani*, 783 F.2d 610, 615-16 (6th Cir. 1986) (to determine the full meaning and effect of an ambiguous prior state judgment, the bankruptcy court must examine the entire record of the state proceedings). The state court order is silent with respect to the grounds on which liability was imposed. The transcript of the state court hearing on the motion for summary disposition does not define the precise basis on which the court made its finding, yet it does establish (1) that the MBTFA allegation was argued in full by the parties, and (2) that the state court reviewed the pleadings and took into consideration the arguments of counsel before granting the motion.

The Court concludes based upon the record before it, including the state court complaint and motion for summary disposition, that the Defendant is estopped from relitigating the MBTFA issue. "Collateral estoppel . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The underlying premise being "'that one full opportunity to litigate an issue is sufficient.'" *Santana-Albarran v. Ashcroft*, 704 (6th Cir. 2005) (citation omitted). The policy behind collateral estoppel is served by the Court's conclusion in this case. The MBTFA allegations in the state court complaint include all of the required elements for a § 523(a)(4) cause of action and such was actually litigated and necessarily determined by the state court. Defendant had every incentive

to vigorously litigate those allegations in the prior proceeding. It is this Court's opinion that the state court gave careful and deliberate consideration of the MBTFA allegations. The Court concludes that Defendant's violation of the MBTFA was necessary to the judgment.

Accordingly, Plaintiff's motion for partial summary judgment is granted. The Court will enter an order consistent with this Opinion.

**Signed on March 12, 2008**

                                                  **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**